**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-11819

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MIGUEL RIVERA SANTIAGO,
  a.k.a. Cabeza de Pollo,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cr-00160-BJD-MCR-2

————————————————

Before NEWSOM, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Miguel Rivera Santiago appeals from the imposition of a 37-month prison term following the revocation

of his supervised release.  He argues that the district court plainly erred by relying on retribution for his underlying offense when imposing a revocation sentence, in violation of *Esteras v. United States*, 606 U.S. 185 (2025).  After careful review, we affirm.

## I.

We generally apply a deferential abuse-of-discretion standard when reviewing the reasonableness of sentences imposed upon the revocation of supervised release.  *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam).  But when the defendant failed to object at the time of sentencing to the procedural reasonableness of his sentence upon supervised release, we review only for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

We find plain error only if there is "(1) error, (2) that is plain, and (3) that has affected the defendant's substantial rights." *United States v. Hesser*, 800 F.3d 1310, 1324 (11th Cir. 2015) (per curiam) (quotation marks omitted).  When those requirements are met, "we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).  "'Plain' error means that the legal rule is clearly established at the time the case is reviewed on direct appeal." *Id.* at 1325.  "Substantial rights are affected if there is a reasonable probability of a different result absent the error." *Id.*

## II.

Upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, a district court may revoke the remaining term of supervised release and impose a term of imprisonment after considering certain factors in 18 U.S.C. § 3553(a). *Sweeting*, 437 F.3d at 1107. The relevant factors that a court must consider before imposing a sentence upon revocation are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public from the defendant's further crimes; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the relevant guideline range; (6) pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims. *See* 18 U.S.C. § 3583(e). But § 3583(e) does not list § 3553(a)(2)(A) as a factor that district courts must consider when deciding whether to revoke a defendant's supervised release or impose an imprisonment term upon revocation. 18 U.S.C. § 3583(e). Section 3553(a)(2)(A) refers to "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

In *Esteras*, the Supreme Court held that district courts cannot consider § 3553(a)(2)(A) when revoking supervised release. 606 U.S. at 195. But when a defendant did "not make the district court aware that it may be impermissibly relying on § 3553(a)(2)(A), then

the defendant's appeal will be governed by plain-error review." *Id.* at 202. "In that event, the district court's order revoking supervised release and requiring reimprisonment will be affirmed unless it is clear or obvious that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Id.* at 202–03 (quotation marks omitted).

The district court improperly relied on § 3553(a)(2)(A) when fashioning Rivera Santiago's revocation sentence.[1] But under the third prong of plain-error review, Rivera Santiago cannot show that it affected his substantial rights because "his 'rehabilitative needs clearly constituted only a minor fragment of the court's reasoning.'" *United States v. Alberts*, 859 F.3d 979 986 (11th Cir. 2017). The district court provided additional reasons for Santiago's 37-months sentence, such as explaining that it needed to deter his criminal conduct,[2] which include absconding from probation, positive drug tests, and new criminal state charges. The district court then focused on the seriousness of Santiago's state charges, explaining that "threatening someone with a machete is life-threatening, so it should be treated seriously, and the Court intends to do that."

---

[1] The district court explicitly stated that it wished to impose a sentence to "hopefully deter [Rivera Santiago's] continued criminal conduct as well as promote respect for the law." The court also explained that it considered factors in § 3553(a)(1)-(7), and it did not indicate that it had omitted consideration of § 3553(a)(2)(A).

[2] Santiago's sentence was within the guideline range for grade "A" violation of supervised release under U.S.S.G § 7B.1(4) (2023).

Because the court provided additional reasons for its decision, Rivera Santiago cannot show that there is reasonable probability of a different result absent the § 3553(a)(2)(A) error.  Thus, Rivera Santiago has not shown that the district court committed plain error, and we affirm his revocation sentence.

**AFFIRMED.**